IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE TRAMPAS BENAVIDES (TDCJ No. 1812093), Petitioner, | § | |
| V. | § | No. 3:14-cv-2293-L-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Joe Trampas Benavides, a Texas prisoner, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be dismissed with prejudice as barred by the statute of limitations.

**Applicable Background**

In January 2000, Petitioner pleaded guilty to the unlawful delivery of a controlled substance and was sentenced to ten years' incarceration probated five years. *See State v. Benavides*, F99-21709-MW (363rd Judicial Dist. Ct., Dallas Cty., Tex.). In November 2002, Petitioner pleaded true to violating his probation, his probation was revoked, and he was sentenced to ten years' incarceration. But, at the time of sentencing, the trial court indicated that it would consider placing Petitioner on "shock probation," and the trial court then entered an order placing Petitioner on shock

probation in May 2003. *See* TEX. CODE OF CRIM. PROC. art. 42.12 § 6(a); *see also Austin v. Cockrell*, No. 3:01-cv-2236-L, 2002 WL 1042121, at *3 n.7 (N.D. Tex. May 21, 2002) (explaining that, "under shock probation, a defendant may serve up to 180 days of jail time (i.e., the shock period) ... before the judge may suspend further execution of the sentence and place the defendant in community supervision (i.e., probation), assuming, of course, that the defendant was not convicted of a crime for which community supervision is prohibited").

Then, as the Dallas Court of Appeals explained, Petitioner,

> repeatedly, over a period of four months beginning in May 2004, call[ed] Anita Soto, threatening to kill her and her family, follow[ed] her, and [broke] into her apartment. A jury convicted Benavides, who at the time was on probation for delivery of cocaine, of stalking and assessed punishment at nine years confinement and a $1000 fine (appellate cause number 05-05-00699-CR). Following this conviction, the trial court revoked Benavides's probation for delivery of cocaine and assessed a ten year sentence (appellate cause number 05-05-00516-CR).

*Benavides v. State*, Nos. 05-05-00516-CR, 05-05-00699-CR, 2007 WL 586725, at *1 (Tex. App. – Dallas Feb. 27, 2007, no pet.).

While Petitioner was given credit for time previously spent incarcerated, *see id.* at *4, through the judgment entered March 25, 2005 [Dkt. No. 11-16 at 52-54], the trial court stacked the ten-year sentence for delivery of cocaine on top of his nine-year sentence for stalking. Both sentences were affirmed on direct appeal. *See Benavides*, 2007 WL 586725.

Although Petitioner's two state applications for writs of habeas corpus decided before he filed the federal application, filed June 21, 2011 and February 27, 2014, have

no bearing on the limitations issue now before the Court, *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application filed after the expiration of the limitations period cannot toll the limitations period under § 2244(d)(2)), the Texas Court of Criminal Appeals dismissed and denied those applications, respectively, *see Ex parte Benavides*, WR-76,987-01 (Tex. Crim. App. Feb. 15, 2012); *Ex parte Benavides*, WR-76,987-02 (Tex. Crim. App. May 14, 2014).

Petitioner has declared that the federal habeas application was placed into the prison mailing system on June 19, 2014. *See* Dkt. No. 3 at 10.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

The Supreme Court has determined that the AEDPA statute of limitations also can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson*

*v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original)).

**Analysis**

Petitioner's sole ground for relief is his claim that the state court's consecutive-sentence order violates the Double Jeopardy Clause. *See* Dkt. Nos. 3, 4, 14.

Petitioner argues that this claim did not accrue until August 29, 2013, *see* Dkt. No. 3 at 9; Dkt. No. 4, which he appears to argue is the date that the TDCJ "instated [the] cumulation order," Dkt. No. 4 at 4. Thus, it appears that Petitioner is claiming that his federal habeas application, filed no sooner than June 19, 2014, is timely pursuant to 28 U.S.C. § 2244(d)(1)(D) (one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

For the factual predicate provision to apply,

> "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (analyzing 28 U.S.C. § 2244(d)(1)(D)). As the Supreme Court has explained, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). In applying [the analogous] § 2255(f)(4), "[t]he important thing is to identify a particular time when ... diligence is in order." *Id.*

*United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (per curiam); *see Hunter v. Cain*, 478 F. App'x 852, 853 (5th Cir. 2012) (per curiam) ("[Petitioner] argues, pursuant to § 2244(d)(1)(D), that the limitations period should have commenced on February 17, 2009, when he received the DA's case file after his attorney-client relationship with Pulliam ended.... [But he] has not shown why he could not have discovered the report through the exercise of due diligence once it was disclosed to Pulliam. The district court correctly determined that Hunter's § 2254 application was untimely."); *see also Toney v. Quarterman*, Civ. A. No. H-09-0083, 2009 WL 2356104, at *6-*7 (S.D. Tex. July 27, 2009) ("Unlike the petitioner in *Starns*, who was not aware of the existence of a material witness until that witness was deposed in the civil trial, Toney was fully aware at the time of his trial that a blood sample was taken from him," the factual predicate for his habeas claim. "Toney confuses knowledge of evidence to support a claim and knowledge of the factual predicate for a claim. Merely alleging new evidence to support facts that were known at an earlier date does not suffice to establish a new factual predicate. Statutory tolling does not apply to promote an endless gathering of evidence by habeas petitioners. Because Toney fails to provide any proof of a new factual predicate, subsection (d)(1)(D) does not provide the date on which the statute of limitations begins." (internal citation omitted)).

Here, Petitioner has not explained why he could not have discovered the factual predicate for his Double Jeopardy Claim on March 25, 2005 – the date on which the state court imposed its consecutive-sentence order. As such, statutory tolling under Section 2244(d)(1)(D) does not apply, and the timeliness of his petition must be

calculated under Section 2244(d)(1)(A) based on the date on which his state convictions became final.

Because Petitioner did not file a petition for discretionary review after the Dallas Court of Appeals affirmed both convictions on February 27, 2007, his convictions became final 30 days later, on March 29, 2007. *See Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir .2003); TEX. R. APP. P. 68.2. And his federal habeas application was due to be filed no later than Monday, March 31, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); FED. R. CIV. P. 6(a)(1)(C). Therefore, this federal habeas application – filed more than 62 months later, no earlier than June 19, 2014 – is clearly untimely unless equitable tolling applies.

Petitioner is not entitled to equitable tolling. No "extraordinary circumstance" prevented Petitioner from asserting the claim he now brings in his Section 2254 petition. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Petitioner "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" in federal court. *Montes v. United States*, No. 3:13-cv-1936-K, No. 3:09–cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). This Petitioner has not done.

**Recommendation**

The Court should dismiss Petitioner's application for a writ of habeas corpus as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE