IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOE TRAMPAS BENAVIDES, #1812093,** § § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-2293-L** |
| § | |
| **WILLIAMS STEPHENS, Director** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institution Division,** § | |
| § | |
| Respondent. § | |

## ORDER

This case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) on August 18, 2015, recommending that the court deny Petitioner Joe Trampas Benavides's ("Petitioner") Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3) as time-barred. The magistrate judge further determined that Petitioner was not entitled to equitable tolling to overcome the applicable statute of limitations. Petitioner filed objections to the Report, which were docketed on October 7, 2015.

In his objections, Petitioner contends that the trial court had no authority to stack his sentences and in doing so created a "rare and exceptional" circumstance entitling him to equitable tolling. Petitioner contends that running his sentences consecutively violates his plea bargain that he would not receive more than ten years imprisonment. Petitioner appears to further assert that, despite his exercise of due diligence, he did not know that a stacking order is a constitutional violation.

Order – Page 1

The record clearly reflects that on March 25, 2005, the date Petitioner was sentenced in Case No. F99-21709-MW, the court ordered that Petitioner's sentence in Case No. F99-21709-MW would commence after he completed his sentence in Case No. F-05-00009. During a subsequent proceeding on October 27, 2005, Petitioner acknowledged that he understood that his sentences in these two case were to run consecutive to one another but expressed frustration because, despite his repeated requests, no one would explain why the sentences were ordered to run consecutively. Thus, Petitioner was aware that his sentences were to run consecutively. Moreover, ignorance of the law is not a circumstance that warrants equitable tolling. *United States v. Felder*, 204 F.3d 168, 171-72 (5th Cir. 2000).

Accordingly, after carefully reviewing the pleadings, file, objections, applicable law, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections, **denies** his Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3), and **dismisses with prejudice** this action as time-barred.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 15th day of October, 2015.

Sam A. Lindsay
United States District Judge